IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT H. BEVERLIN,

    Plaintiff,

v.                                                    CASE NO. 1:20-cv-178-AW-GRJ

L. PETERSEN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte* for screening pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e). Plaintiff, a 72-year-old inmate in the custody of the Florida Department of Corrections proceeding *pro se* in this civil rights action, alleges in his First Amended Complaint that he has been denied proper medical care for chronic pain at Cross City Correctional Institution by Defendant L. Petersen, an advanced practice registered nurse. ECF No. 6 at 5–7. Plaintiff, however, also names as Defendants Dr. R. Molina (the medical director at Cross City C.I.) and Defendant Steven Wheeler (chief executive officer for Centurion). *Id.* at 1–2. For the reasons explained below, it is respectfully **RECOMMENDED** that Plaintiff's claims against Dr. Molina and Mr. Wheeler should be **DISMISSED without leave to amend** for failure to state a claim.

## I. BACKGROUND

Plaintiff alleges in the First Amended Complaint that he has experienced "chronic pain" for more than 20 years and received treatment for this pain in DOC custody. ECF No. 6 at 5. Prior to Plaintiff's transfer to Cross City C.I., he received 2 "pain pills" per day and thirty "migraine pills" per month. *Id.* Petersen has reduced Plaintiff's pain medications to one pill every three days and discontinued his use of migraine medications. *Id.* In July, Petersen increased his pain medications to one pill every two days. *Id.* Plaintiff says he continues to suffer chronic pain and raises claims against Petersen for deliberate medical indifference under the Eighth Amendment, as well as elder abuse under Florida law. *Id.* at 5, 7. Plaintiff alleges as to Dr. Molina and Mr. Wheeler that "they just let … Petersen do her thing without regard to [his] pain and suffering." *Id.* The Court surmises this is also a claim for deliberate medical indifference under the Eighth Amendment. Liberally construing the First Amended Complaint, Plaintiff requests injunctive and monetary relief. *See id.* at 7 ("I want the pain to stop[.] I need the proper amount of meds, and all so what ever[] the Court see[s] fit for damages [for] making me suffer in pain for 12 months.").

## II.  LEGAL STANDARD

The *in forma pauperis* statute authorizes the Court to dismiss a claim "at any time if the [C]ourt determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  Mere labels and conclusions are insufficient.  *Iqbal*, 556 U.S. 662 at 678.

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

To state a claim for the violation of the United States Constitution under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that he was deprived of a right secured by the Constitution or federal law; and (2) that the deprivation occurred under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999).

## III.  DISCUSSION

Upon careful consideration of the First Amended Complaint, the undersigned concludes that Dr. Molina and Mr. Wheeler are due to be dismissed as defendants because Plaintiff fails to state a claim against them.  First, it is clear that Dr. Molina and Mr. Wheeler did not personally participate in the alleged unconstitutional acts in issue.  Indeed, the thrust of Plaintiff's claims against them is that they are liable for turning a blind eye to Petersen's medical treatment of Plaintiff.  This is insufficient to state a claim for deliberate indifference, particularly because Plaintiff does not allege that he sought treatment or intervention by Dr. Molina or Mr. Wheeler  *See Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) ("The claim against Vowell in his individual capacity was

4

dismissed because of the absence of any indication that he personally participated in any alleged wrongdoing.").

Plaintiff, instead, appears to proceed against Defendants Molina and Wheeler on a theory of supervisory liability. Plaintiff, however, does not satisfy the "extremely rigorous" standard to impose supervisory liability on Dr. Molina or Mr. Wheeler under § 1983. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A plaintiff seeking to hold a supervisor liable for constitutional violations may do so by showing that a causal connection exists between the supervisor's actions and the alleged constitutional violation. *Id.* As the Eleventh Circuit explained in *Cottone*:

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* (alterations adopted and internal citations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). In short, there are no plausible allegations in Plaintiff's Complaint

5

that Dr. Molina or Mr. Wheeler have ignored a history of widespread abuse, established a custom or policy resulting in the alleged wrongdoing, or directed their subordinates, including Petersen, to act unlawfully.

Finally, any claim against Mr. Wheeler in his official capacity as chief executive officer of Centurion is untenable. A claim against Mr. Wheeler in his official capacity is a claim against Centurion itself. *See D'Amico v. Jones*, No. 4:18-cv-494-RH-MAF, 2020 WL 2841516, at *1 (N.D. Fla. June 1, 2020) ("Mr. D'Amico has not named Centurion as a defendant, but he has named Centurion's chief executive officer in his official capacity—the equivalent of naming Centurion."). Because Centurion is a private entity performing public functions, Plaintiff is required to allege "a policy or custom by which the constitutional deprivation was inflicted" to state a § 1983 claim against Centurion. *German v. Broward Cty. Sheriff's Office*, 315 F. App'x 773, 776 (11th Cir. 2009) (citing *Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997)). "A policy or custom is established by showing a persistent and widespread practice and an entity's actual or constructive knowledge of such customs, though the custom need not receive formal approval." *Id.* (citing *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986)). The policy or custom must be the "moving force" behind the constitutional violation. *City of Canton v. Harris*,

489 U.S. 378, 389 (1989).[1]  Plaintiff does not allege any such policy or custom caused a constitutional violation.  Any claim against Mr. Wheeler in his official capacity, therefore, is due to be dismissed.

The only remaining question is whether Plaintiff should be granted leave to amend the Complaint.  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).  A district court, nevertheless, may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Here, Plaintiff was previously given the opportunity to amend his claims against Dr. Molina and Mr. Wheeler when the Court screened his initial Complaint, ECF No. 5, but he failed to do so.  The undersigned concludes that granting Plaintiff any further leave to amend would be futile.

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's claims in the First Amended Complaint against Defendants Dr. R. Molina and

---

[1] This is known as *Monell* liability, named for the Supreme Court's decision establishing the standard in *Monell v. Dep't of Social Servs. of New York,* 436 U.S. 658 (1978). Although this standard was adopted initially to impose liability on municipalities for constitutional violations, the Eleventh Circuit has held that it applies equally to "private entities performing functions traditionally within the exclusive prerogative of the state." *Buckner*, 116 F.3d at 453.

Steven Wheeler, ECF No. 6, should be **DISMISSED without leave to amend** for failure to state a claim upon which relief may be granted.[2]

**IN CHAMBERS** this 25th day of September 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

---

[2] To be clear, this report and recommendation neither addresses nor disposes of Plaintiff's claims against Defendant Petersen.  The Court has directed service of the First Amendment Complaint on Defendant Petersen, and she will have the opportunity to respond to Plaintiff's allegations against her for deliberate indifference under the Eighth Amendment and elder abuse under Florida law.