IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT HENRY BEVERLIN,

    Plaintiff,
v.                                  CASE NO. 1:20-cv-178-AW-GRJ

L PETERSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("DOC") presently confined at Cross City CI, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to an Amended Complaint, ECF No. 6. Plaintiff alleges that Defendant L. Peterson, a nurse at Cross City CI, violated his Eighth Amendment rights in connection with Plaintiff's medical care. *See* ECF No. 6.[1] Now pending before the Court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant. ECF No. 13. For the following reasons, it is respectfully recommended that the Amended Complaint be dismissed with leave to file a Second Amended Complaint.

---

[1] Plaintiff's Amended Complaint also named as Defendants Dr. R. Molina and Steven Wheeler, but those Defendants were dismissed by the Court at the screening stage for failure to state a claim upon which relief may be granted. ECF No. 14.

# I. STANDARD OF REVIEW

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a

defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## II. PLAINTIFF'S ALLEGATIONS

The allegations of the Amended Complaint may be summarized as follows. Plaintiff alleges that he suffers from chronic pain and that prior to his transfer to Cross City CI the DOC provided him with sufficient medication to treat his pain, including migraine medication. After arriving at Cross City CI, Defendant L. Peterson, ARPN, reduced Plaintiff's medication to one pain pill every three days and no migraine medication. Defendant then increased Plaintiff's medication to one pain pill every two days. Plaintiff states that he is suffering chronic pain every day. Plaintiff contends that Peterson's actions amount to deliberate indifference and "abuse and neglect of the elderly or disabled." Plaintiff seeks injunctive relief to provide "the proper amount of meds" and damages as the Court sees fit. ECF No. 6 at 5-7.

Defendant contends that Plaintiff is entitled to no relief because the allegations of the Amended Complaint do not establish a violation of his constitutional rights. In addition, Defendant argues that Plaintiff in any event is not entitled to compensatory damages because he has not made a prior showing of a "physical injury" under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Defendant argues that to the extent Plaintiff is seeking to

assert a claim of elder abuse under Florida law, the pertinent statute, Fla. Stat. § 825.102 (2020), is a criminal statute that does not create a private right of action for a civil claim and/or tort remedies. ECF No. 13.

In opposition to dismissal, Plaintiff reiterates that prior to arriving at Cross City CI he received sufficient pain medication and that Defendant had no basis for reducing his medication. He further alleges that he suffers from spinal impairments that cause chronic pain and that two back specialists told him that he needs surgery. Plaintiff alleges that he is not receiving treatment for his back condition and that he is still waiting to see a doctor about having back surgery. He alleges that he has told Defendant that his back pain is getting worse but she has done nothing to provide treatment for that condition. ECF No. 16.

### III. DISCUSSION

The Constitution forbids prison officials from consciously ignoring the serious medical needs of prison inmates. Such "deliberate indifference" to an inmate's serious medical need by a state actor is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *See Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976). To show that the prison official was deliberately indifferent, the plaintiff must prove that: (1) the prison official had a subjective knowledge of a risk of serious harm; (2) the prison

official disregarded that risk; and (3) did so by conduct that is more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344,1351 (11th Cir. 2004); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (the prisoner must demonstrate that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."). As the Eleventh Circuit has explained:

> A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness. In *Estelle,* the Supreme Court recognized that the Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration" precisely because the failure to do so "may actually produce physical 'torture or a lingering death' " or, "[i]n less serious cases, ... may result in pain and suffering which no one suggests would serve any penological purpose." *Estelle,* 429 U.S. at 103, 97 S.Ct. 285 (quoting *In re Kemmler,* 136 U.S. 436, 447, 10 S.Ct. 930, 34 L. Ed. 519 (1890)).

*McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999)

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting *Estelle*,

429 U.S. at 107) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'"); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

Defendant concedes solely for the purposes of the motion that Plaintiff may have alleged the existence of a serious medical need due to chronic daily pain. Defendant contends, however, that Plaintiff's allegations do not show that Defendant acted with deliberate indifference to his needs. ECF No. 13.

Accepting Plaintiff's assertion that he informed Defendant of his chronic pain such that she was subjectively aware of it, his allegations do not reflect that she was deliberately indifferent to his pain. Plaintiff disputes that

he is being given sufficient pain medication, but "a dispute over the adequacy of medication prescribed . . . generally does not amount to a constitutional claim." *Brennan v. Thomas*, 780 F. App'x 813, 822 (11th Cir. 2019). *See Melton v. Abston,* 841 F.3d 1207, 1224 (11th Cir. 2016) (noting that "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference" (emphasis added) (quoting *Harris*, 941 F.2d at 1505); *Hamm*, 774 F.2d at 1575 (finding that "[a]lthough [the plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference" simply because the plaintiff disagreed with the medication he was prescribed).

Plaintiff's claim that the medication dispensed by Defendant is insufficient amounts to a disagreement with the provider's medical decisions. Thus, the Court concludes that Plaintiff's Complaint fails to state a cognizable claim for a violation of his Eighth Amendment rights against Defendant Peterson. Moreover, Defendant is correct that Florida law does not create a separate private right of action for "elder abuse" by way of a civil claim or tort action. Defendant's motion to dismiss the First Amended Complaint is due to be granted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave to amend "should be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See* Fed. R. Civ. P. 15(a). In his response in opposition to the motion to dismiss, Plaintiff alleges that his chronic pain stems from back impairments for which he is currently receiving *no* treatment at the prison. ECF No. 16. Such an allegation potentially supports a deliberate-indifference claim against the prison official who has denied such treatment. In view of this allegation, Plaintiff should be afforded an opportunity to again amend his complaint to state a cognizable deliberate-indifference claim.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 13, should be **GRANTED,** and the First Amended Complaint, ECF No. 6, **DISMISSED** without prejudice to Plaintiff's right to file a Second Amended Complaint that sufficiently alleges a deliberate-indifference claim.

**IN CHAMBERS** this 2nd day of July 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.